IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FLAT GLASS ANTITRUST LITIGATION (II)<br><br>This Document Relates to:<br>All Actions | Master Docket<br>Misc. No.: 08-180 (DWA)<br>MDL No.: 1942<br><br>(Chief Judge Donetta W. Ambrose) |

## ▮▮▮▮▮▮ ORDER APPOINTING INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL

The Motion to Appoint Interim Lead Counsel filed by Lockridge Grindal Nauen P.L.L.P., Labaton Sucharow LLP, Freed Kanner London & Millen LLC, Cohen Milstein Hausfeld & Toll P.L.L.C., and Specter Specter Evans & Manogue, P.C. came on regularly for hearing on _July 10 2008_. The Court, having carefully considered the papers and pleadings on file and oral arguments of counsel, hereby GRANTS the motion. It is hereby ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the following attorneys and firms are appointed as Interim Co-Lead Class Counsel and Interim Liaison Counsel, respectively, for the direct purchaser plaintiffs class:

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401

Steven A. Kanner
FREED KANNER LONDON &
MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015

Hollis L. Salzman
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
1100 New York Avenue N.W.
Suite 500, West Tower
Washington, D.C. 20005

*Interim Co-Lead Class Counsel*

383501-1

John C. Evans
SPECTER SPECTER EVANS
 & MANOGUE, P.C.
436 Seventh Avenue
The 26th Floor Koppers Building
Pittsburgh, PA 15219

*Interim Liaison Counsel*

2.  Interim Co-Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the direct purchaser plaintiffs class as follows:

    a.  To promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and unproductive efforts;

    b.  To conduct all pretrial, trial and post-trial proceeding on behalf of the direct purchase plaintiffs;

    c.  To sign any pleadings, motions, briefs, discovery requests or objections, subpoenas or notices on behalf of all direct purchaser plaintiffs, or those direct purchaser plaintiffs filing the particular papers;

    d.  To determine and present in motions, briefs, oral arguments or such other fashion as may be appropriate, the position of all of the direct purchaser plaintiffs as to all matters arising during pretrial and trial proceedings;

    e.  To designate attorneys to act as spokespersons for the direct purchaser plaintiffs at pretrial conferences;

    f.  To conduct or coordinate discovery on behalf of direct purchaser plaintiffs consistent with the requirements of the Federal Rules of

Civil Procedure, including the preparation of interrogatories, requests for production of documents, requests for admissions and the examination of witnesses in depositions, as well as any motion practice related thereto;

g. To designate attorneys to enter into stipulations necessary for the conduct of the litigation with opposing counsel;

h. To monitor the activities of direct purchaser plaintiffs' counsel to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

i. To collect time, lodestar and expense reports from each firm in the consolidated action, including paralegals and any other staff members whose time is expected to be included in any fee petition;

j. To make and collect assessments from direct purchaser plaintiffs' counsel for the purpose of paying the costs necessary to prosecute the case;

k. To ensure that work assignments are not given to any firm that has not promptly submitted its time and expense records or paid its assessments;

l. To employ and consult with experts;

m. To call meetings of direct purchaser plaintiffs' counsel when deemed appropriate;

n. To conduct settlement negotiations with defense counsel on behalf of direct purchaser plaintiffs and putative direct purchaser class;

      o.    To ensure that all direct purchaser plaintiffs' counsel are kept informed of the progress of this litigation as necessary; and

      p.    To otherwise coordinate the work of all direct purchaser plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deems necessary or as authorized by further order of the Court.

3.    Plaintiffs' Liaison Counsel's duties shall be in accordance with the *Manual for Complex Litigation, Fourth*, §10.221.

4.    Interim Co-Lead Class Counsel are hereby designated as the counsel for plaintiffs in the consolidated action upon whom all notices, order, pleadings, motions, discovery and memoranda relating to the consolidating actions shall be served, and defendants shall effect service of papers on the direct purchaser plaintiffs in the consolidated actions by serving each of the Interim Lead Class Counsel above. An agreement reached between defendant(s) and Interim Lead Class Counsel or their designee(s), shall be binding on all other plaintiffs' counsel in the direct purchaser consolidated actions;

5.    All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity. Further, all counsel shall endeavor to keep attorneys' fees reasonable and to choose the most appropriate level of staffing for the tasks required in this litigation.

Dated: *July 22, 2008*

                                                    *Donetta W. Ambrose*
                                                    DONETTA W. AMBROSE
                                                    Chief Judge,
                                                    United States District Court