UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FLAT GLASS ANTITRUST LITIGATION (II) | Master Docket<br>Misc. No: 08-180 (DWA)<br>MDL No.: 1942 |
| This Document relates to:<br>All Actions | |

~~[PROPOSED]~~ ORDER PRELIMINARILY
APPROVING SETTLEMENTS; CONDITIONALLY CERTIFYING
THE SETTLEMENT CLASSES; APPOINTING SETTLEMENT CLASS COUNSEL;
AUTHORIZING DISSEMINATION OF NOTICE; APPROVING OF THE PLAN OF
DISTRIBUTION AND SETTING A HEARING ON FINAL SETTLEMENT APPROVAL

WHEREAS the Plaintiffs Gilkey Window Company, Inc.; Girard Glass Corporation; Jackson Glass Company, Inc.; and Thermo-Twin Industries, Inc. (collectively, "Plaintiffs"), by and through their counsel of record, have asserted claims for damages against Defendants AGC Flat Glass North America, Inc., Guardian Industries Corp., Pilkington North America, Inc., Pilkington Holdings Inc. (together, "Pilkington"), and PPG Industries, Inc. (collectively, "Defendants"), alleging violations of federal antitrust law;

WHEREAS Plaintiffs and Defendants, desiring to resolve any and all disputes in this action, executed four separate settlement agreements (collectively, the "Settlement Agreements") resulting in a settlement of all claims;

WHEREAS Plaintiffs and AGC Flat Glass North America, Inc., desiring to resolve any and all disputes in this action, executed a settlement agreement dated December 8, 2010 (the "AGC Settlement");

428303.2

WHEREAS the AGC Settlement does not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by AGC or by any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, AGC has agreed to provide settlement consideration consisting of $5.9 million;

WHEREAS Plaintiffs and Guardian Industries Corp., desiring to resolve any and all disputes in this action, executed a settlement agreement dated December 8, 2010 (the "Guardian Settlement");

WHEREAS the Guardian Settlement does not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Guardian or by any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, Guardian has agreed to provide settlement consideration consisting of $6.325 million;

WHEREAS Plaintiffs and Pilkington North America, Inc. and Pilkington Holdings Inc., desiring to resolve any and all disputes in this action, executed a settlement agreement dated December 9, 2010 (the "Pilkington Settlement");

WHEREAS the Pilkington Settlement does not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Pilkington or by any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, Pilkington has agreed to provide settlement consideration consisting of $4.2 million;

WHEREAS Plaintiffs and PPG Industries, Inc., desiring to resolve any and all disputes in this action, executed a settlement agreement dated December 7, 2010 (the "PPG Settlement");

WHEREAS the PPG Settlement does not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by PPG or by any other person or entity;

WHEREAS, in full and final settlement of the claims asserted against it in this action, PPG has agreed to provide settlement consideration consisting of $5.9 million;

WHEREAS, the Settlement Agreements total $22.325 million;

WHEREAS, the parties to the Settlement Agreements have filed the agreements with the Court and request that the Court grant preliminary approval of the Settlement Agreements pursuant to Federal Rule of Civil Procedure 23(e);

WHEREAS, the parties to the Settlement Agreements have agreed to the certification of four separate settlement classes as a condition of settlement;

WHEREAS, the proposed settlement classes are each defined as "all persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for delivery or pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities";

WHEREAS, the proposed settlement classes should be certified for the purposes of settlement only because each class meets the numerosity, typicality, commonality and adequacy requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b);

WHEREAS, Interim Co-Lead Counsel and Interim Liaison Counsel have requested that they be appointed as Settlement Class counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, Plaintiffs and each of the Defendants have agreed to the entry of this Preliminary Approval Order (hereinafter, the "Order");

WHEREAS, the Court has considered the Settlement Agreements, the proposed Notice Plan, the proposed plan of distribution and the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Settlement Agreements, certification of the Settlement Classes and appointment of counsel for the Settlement Classes, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**I.   DEFINITIONS**

As used in this Order, the following definitions shall apply:

1.1   "AGC" or "Asahi" means AGC Flat Glass North America, Inc., and its past and present subsidiaries, officers, directors, employees, agents, attorneys, servants, and representatives (and the subsidiaries' past and present officers, directors, employees, agents, attorneys, servants, contractors, insurers, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

1.2   "Guardian" means Guardian Industries Corp. and its past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, contractors, insurers, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

1.3   "Pilkington" means Pilkington North America, Inc., and Pilkington Holdings Inc. and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

428303.2                                        4

1.4   "PPG" means PPG Industries, Inc. and its past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

1.5   "Claims Administrator" means Epiq Systems.

1.6   "Construction Flat Glass" or "CFG" means flat glass formed through the "float" process for use in the construction or architectural sector, which includes but is not limited to coated float glass, clear and tinted float glass, low emissivity glass (*i.e.*, glass coated with thin metal or metallic oxide layers to improve its insulating qualities), laminated glass, and unprocessed mirror glass.

1.7   "Defendants" means AGC Flat Glass North America, Inc., Guardian Industries Corp., Pilkington North America, Inc., Pilkington Holdings Inc. and PPG Industries, Inc.

1.8   "Litigation" means the action pending in this Court titled *In re Flat Glass Antitrust Litigation (II)*, MDL NO. 1942, Master File 08-180 (DWA).

1.9   "Notice" means, collectively, the communications by which the Class is notified of the existence and terms of the Settlement Agreements.

1.10   "Notice Plan" means the plan that sets forth the program for notifying the Class of the Settlement Agreements, which was submitted to the Court with the motion for preliminary approval.

1.11   "Plaintiffs" means Plaintiffs Gilkey Window Company, Inc.; Girard Glass Corporation; Jackson Glass Company, Inc.; and Thermo-Twin Industries, Inc.

1.12   "Plaintiffs' Counsel" or "Class Counsel" means the law firms of Hausfeld LLP; Freed Kanner London & Millen LLC; Lockridge Grindal Nauen PLLP; Labaton Sucharow LLP; and Specter Specter Evans & Manogue, PC.

1.13   "AGC Settlement" means the settlement contemplated by the terms, conditions and provisions set forth in the AGC Settlement Agreement.

1.14   "AGC Settlement Agreement" means the Settlement Agreement dated December 8, 2010, by and among Plaintiffs, on behalf of themselves and each Class Member, and AGC.

1.15   "AGC Settlement Agreement Date" means December 8, 2010, the date as of which AGC entered into the AGC Settlement.

1.16   "AGC Settlement Class" means all persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for delivery or pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities.

1.17   "Guardian Settlement" means the settlement contemplated by the terms, conditions and provisions set forth in the Guardian Settlement Agreement.

1.18   "Guardian Settlement Agreement" means the Settlement Agreement dated December 8, 2010, by and among Plaintiffs, on behalf of themselves and each Class Member, and Guardian.

1.19   "Guardian Settlement Agreement Date" means December 8, 2010, the date as of which Guardian entered into the Guardian Settlement.

1.20   "Guardian Settlement Class" means all persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for

delivery or pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities.

1.21   "Pilkington Settlement" means the settlement contemplated by the terms, conditions and provisions set forth in the Pilkington Settlement Agreement.

1.22   "Pilkington Settlement Agreement" means the Settlement Agreement dated December 9, 2010, by and among Plaintiffs, on behalf of themselves and each Class Member, and Pilkington.

1.23   "Pilkington Settlement Agreement Date" means December 9, 2010, the date as of which Pilkington entered into the Pilkington Settlement.

1.24   "Pilkington Settlement Class" means all persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for delivery or pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities.

1.25   "PPG Settlement" means the settlement contemplated by the terms, conditions and provisions set forth in the PPG Settlement Agreement.

1.26   "PPG Settlement Agreement" means the Settlement Agreement executed December 7, 2010, by and among Plaintiffs, on behalf of themselves and each Class Member, and PPG.

1.27   "PPG Settlement Agreement Date" means December 7, 2010, the date as of which PPG entered into the PPG Settlement.

1.28   "PPG Settlement Class" means all persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for delivery or

pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities.

1.29  "Settlement Classes" means collectively, the AGC Settlement Class, the Guardian Settlement Class, the Pilkington Settlement Class, and the PPG Settlement Class.

1.30  "Class Member" means any person or entity, including but not limited to each individual representative Plaintiff, that satisfies all of the requirements for inclusion in one or more of the Settlement Classes as set forth in paragraphs 1.16, 1.20, 1.24 and 1.28 herein, and that did not timely and validly request exclusion therefrom by 3/28/11 [45 days prior to Final Approval Hearing].

1.31  "Settling Parties" means collectively, each of the Plaintiffs, on behalf of themselves and each Class member, the Class, and the Defendants.

1.32  "Settlement Agreements" means collectively, the AGC Settlement Agreement, the Guardian Settlement Agreement, the Pilkington Settlement Agreement, and the PPG Settlement Agreement.

1.33  "Settlements" means collectively, the AGC Settlement, the Guardian Settlement, the Pilkington Settlement, and the PPG Settlement.

## II.  CERTIFICATION OF SETTLEMENT CLASSES

2.1  This Court has jurisdiction over this action and the Settling Parties.

2.2  Upon review of the record, the Court finds that the proposed Settlement Classes meet the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> 2.2.1  The Settlement Classes, which have at least 1,000 members, are sufficiently numerous to satisfy the numerosity requirement.
>
> 2.2.2  There are sufficient legal and factual issues common to the Settlement Classes to meet the commonality requirement, including whether Defendants conspired or combined for the purpose and with the effect of fixing the price of CFG; whether Defendants agreed to implement, impose, and revise an "energy surcharge" on purchases

of CFG; whether Defendants' conduct violated the federal antitrust laws; and whether Defendants' conduct caused injury to the business or property of Plaintiffs and the members of the Settlement Classes.

2.2.3   The Settlement Classes' claims arise out of the same alleged illegal anticompetitive conduct and are based on the same legal theories and therefore satisfy the typicality requirement.

2.2.4   Plaintiffs have retained experienced counsel and do not have interests antagonistic to the class.

2.2.5   Questions of law and fact common to the Settlement Classes predominate over any individualized questions.

2.3   The Court will conditionally certify the AGC Settlement Class, the Guardian Settlement Class, the Pilkington Settlement Class, and the PPG Settlement Class. For purposes of the Settlements each of the four Settlement Classes are defined as:

> All persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for delivery or pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, any of Defendants' co-conspirators, and all governmental entities.

### III. PRELIMINARY APPROVAL OF SETTLEMENT

3.1   This Court has jurisdiction over this action and each of the parties to the Settlement Agreements.

3.2   Upon review of the record, the Court finds that the proposed Settlement Agreements, which were arrived at by arm's-length negotiations by highly experienced counsel, fall within the range of possible approval and are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court preliminarily finds that the Settlements encompassed by the Settlement Agreements raise no obvious reasons to doubt their fairness and raise a reasonable basis for presuming that the Settlements and the terms of the Settlement Agreements satisfy the requirements of Federal

Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlements should be given as provided in this Order.

### IV. CLASS COUNSEL AND CLASS REPRESENTATIVES

4.1     Pursuant to the Court's Orders in this case, the following counsel have been designated as co-lead counsel for the Settlement Classes ("Co-Lead Counsel"):

HAUSFELD LLP
Michael D. Hausfeld, Esq.
1700 K Street, N.W.
Suite 650
Washington, DC 20006
(202) 540-7200

FREED KANNER LONDON MILLEN LLC
Steven A. Kanner
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
(224) 632-4500

LOCKRIDGE GRINDAL NAUEN PLLP
W. Joseph Bruckner
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339-6900

LABATON SUCHAROW LLP
Jay L. Himes
140 Broadway
New York, NY 10005
(212) 907-0700

4.2     Pursuant to the Court's previous Orders, the following counsel have been designated as liaison counsel for the Settlement Classes:

SPECTER SPECTER EVANS & MANOGUE, PC
John C. Evans
436 Seventh Avenue
26th Floor
Pittsburgh, PA 15219
(412) 642-2300

4.3     The following entities have been designated as proposed Class Representatives: Gilkey Window Company, Inc.; Girard Glass Corporation; Jackson Glass Company, Inc.; and Thermo-Twin Industries, Inc.

### V. NOTICE OF SETTLEMENT

5.1     The Court finds that the form and content of the proposed Notice, attached hereto as Exhibit 1, and the Summary Notice, attached hereto as Exhibit 2, are in full compliance with

428303.2                                10

the requirements of Federal Rule of Civil Procedure 23 and satisfy due process. The Court further finds that the Notice Plan submitted in connection with the motion for preliminary approval constitutes the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto. The Court approves the Notice and the Notice Plan.

5.2 By 2/16/11 [21 days from the entry of this Order], Class Counsel shall cause notice, in the form attached hereto as Exhibit 1, to be mailed by first-class mail, postage prepaid, to all persons and entities identified by the Claims Administrator, based on Defendants' records and information, as persons and entities likely to be members of the Class.

5.3 As soon as practicable thereafter, Class Counsel shall cause notice, in the form attached hereto as Exhibit 2, to be published on one occasion in *Glass Magazine* and *Constructor*. If for any reason publication in these periodicals is not possible, notice may be published on one occasion in a reasonable substitute industry publication.

5.4 Class Counsel shall also ensure that copies of the Notice and the Settlement Agreements are available to Class Members through the Claims Administrator.

## VI. PLAN OF DISTRIBUTION

6.1 The Court finds that Class Counsel's proposed Plan of Distribution of settlement proceeds to the Class is within the range of possible approval. Any Class member seeking to obtain a payment from any settlement proceeds in this litigation must submit to the Claims Administrator a valid, complete Claim Form postmarked no later than 3/28/11 [45 days prior to Final Approval Hearing]. Class Counsel shall cause the Claims Administrator to mail a Claim Form substantially in the form of Exhibit 3, attached to this Order, along with the Notice attached as Exhibit 1. Class Counsel in consultation with the Claims Administrator may modify the Claim Form prior to mailing it to Class members if modifications will facilitate the efficient

428303.2                          11

processing of claims. Class members seeking to make a claim for settlement proceeds must comply with the instructions on the Claim Form.

## VII. THE FINAL APPROVAL HEARING

7.1 The Final Approval Hearing is hereby scheduled to be held before the undersigned at 5/16/11 at 11:00 [a.m./p.m.] in Courtroom 3B, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania, to consider the fairness, reasonableness and adequacy of the Settlements, the proposed Plan of Distribution, and any application by Class Counsel for fees and expenses.

7.2 The date, time and location of the Final Approval Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice other than that which may be posted at the Court. The Court may approve the Settlements, with such modifications (if any) as may be agreed to in a writing signed by all of the Settling Parties, without further notice to the Class.

7.3 Any Class Member may object to the Settlements, the Plan of Distribution, or any application by Class Counsel for fees, expenses, or incentive awards by sending a letter or brief signed by the Class member to the Court setting forth all grounds for any objection accompanied by any legal support for the objection, any documentation in support of the objection, proof of membership in the Class, and a list of other cases in which the Class Member or the Class Member's counsel has appeared as an objector or counsel for an objector in the last five years, in accordance with instructions contained in the Notice, post-marked on or before 5/2/11 [14 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing] and serving copies, either in person or by mail, upon Class Counsel and Counsel for Defendants, in accordance with instructions contained in the Notice.

428303.2

12

7.4     Any Class Member may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the Settlements, the Plan of Distribution, or any application of Plaintiffs' Counsel for fees, expenses, or incentive awards, provided, however, that no person shall be heard and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before 5/2/11 [14 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing] if such person:

(a)     files with the Clerk of the Court a notice of intention to appear ("Notice of Appearance"), in accordance with instructions contained in the Notice, which states the position such person will take on the Settlements and the basis for his or her position and which includes any documentation and all witnesses to be called in support of such position;

(b)     serves copies of such Notice of Appearance and any supporting documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel and Counsel for Defendants, in accordance with paragraph 7.3 of this Order and the instructions contained in the Notice; and

(c)     provides evidence that he or she is a member of one of the Settlement Classes as defined in paragraphs 1.16, 1.20, 1.24 and 1.28 hereof.

7.5     Any Class Member may hire an attorney at his or her own expense to appear in this action. Such attorney shall file the Notice of Appearance and any supporting documentation with the Court and serve them on Class Counsel and Counsel for Defendants, as set forth in

paragraph 7.4, on or before ___5/2/11___ [14 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing], in accordance with the instructions in the Notice.

7.6    Plaintiffs shall file with the Court a motion for final approval of the Settlement Agreements, a motion for approval of the Plan of Distribution, and an application by Class Counsel for fees, expenses (not including the costs of notice of administration authorized in paragraph 8.2 of this Order), and incentive awards no later than 3/28/11 [45 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing].

7.7    Plaintiffs shall file with the Court affidavit(s) or declaration(s) of the person(s) under whose general direction the mailing and publication of the Notices were made, showing that mailing and publication were made in accordance with the Order, no later than 5/9/11 [7 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing].

7.8    Defendants may file with the Court any pleadings or memoranda in support of approval of the Settlement Agreements no later than 5/2/11 [14 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing].

7.9    Plaintiffs and their counsel may file with the Court any additional papers in support of final approval of the Settlement Agreements, Plan of Distribution, an award of attorneys' fees, expenses, and incentive awards no later than 5/9/11 [7 days prior to the date set in paragraph 7.1 of this Order for the Final Approval Hearing].

## VIII.   OTHER PROVISIONS

8.1    The Court approves the establishment of four separate escrow accounts under the Settlement Agreements as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF.

8.2     Class Counsel are hereby authorized to withdraw without further order of the Court and prior to this Court's disposition of any motion for final settlement approval funds in equal amounts from each of the four Settlement Funds for payment of costs of administering the Settlements and providing notice to members of the Class. In the event any of the Settlement Agreements shall terminate or be canceled or shall not become effective for any reason, Plaintiffs' Counsel are not obligated to refund the amount(s) withdrawn from the Settlement Funds pursuant to this paragraph.

8.3     In the event that the AGC Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to AGC the AGC Settlement (including accrued interest), less any amount that Class Counsel has withdrawn from the AGC Settlement Fund for payment of costs of administering the Settlements and/or providing notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 8.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that AGC is entitled to a refund of any portion of the AGC Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to AGC from the AGC Settlement Fund. Pursuant to the terms of the AGC Settlement Agreement, upon completion of the payments set forth in the AGC Settlement Agreement, AGC shall have no further obligations or liabilities with respect to the AGC Settlement Fund.

8.4     In the event that the Guardian Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Guardian the Guardian Settlement (including accrued interest), less any amount that Class Counsel has withdrawn from the Guardian Settlement Fund

for payment of costs of administering the Settlements and/or providing notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 8.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Guardian is entitled to a refund of any portion of the Guardian Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to Guardian from the Guardian Settlement Fund. Pursuant to the terms of the Guardian Settlement Agreement, upon completion of the payments set forth in the Guardian Settlement Agreement, Guardian shall have no further obligations or liabilities with respect to the Guardian Settlement Fund.

8.5   In the event that the Pilkington Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to Pilkington the Pilkington Settlement (including accrued interest), less any amount that Class Counsel has withdrawn from the Pilkington Settlement Fund for payment of costs of administering the Settlements and/or providing notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 8.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that Pilkington is entitled to a refund of any portion of the Pilkington Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to Pilkington from the Pilkington Settlement Fund. Pursuant to the terms of the Pilkington Settlement Agreement, upon completion of the payments set forth in the Pilkington Settlement Agreement, Pilkington shall have no further obligations or liabilities with respect to the Pilkington Settlement Fund.

8.6     In the event that the PPG Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund to PPG the PPG Settlement (including accrued interest), less any amount that Class Counsel has withdrawn from the PPG Settlement Fund for payment of costs of administering the Settlements and/or providing notice to members of the Class prior to the Court's disposition of any motion for final settlement approval as authorized by paragraph 8.2 of this Order, and less any amounts paid or due for taxes or escrow expenses. In the event that PPG is entitled to a refund of any portion of the PPG Settlement, for any reason, the Settling Parties are hereby authorized to direct the Escrow Agent to refund such amount to PPG from the PPG Settlement Fund. Pursuant to the terms of the PPG Settlement Agreement, upon completion of the payments set forth in the PPG Settlement Agreement, PPG shall have no further obligations or liabilities with respect to the PPG Settlement Fund.

8.7     In the event that the AGC Settlement is terminated in accordance with the provisions of the AGC Settlement Agreement, the AGC Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the AGC Settlement Agreement, and such termination shall be without prejudice to the rights of the Plaintiffs, the Class, and AGC.

8.8     In the event that the Guardian Settlement is terminated in accordance with the provisions of the Guardian Settlement Agreement, the Guardian Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Guardian Settlement Agreement, and such termination shall be without prejudice to the rights of the Plaintiffs, the Class, and Guardian.

8.9     In the event that the Pilkington Settlement is terminated in accordance with the provisions of the Pilkington Settlement Agreement, the Pilkington Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Pilkington Settlement Agreement, and such termination shall be without prejudice to the rights of the Plaintiffs, the Class, and Pilkington.

8.10    In the event that the PPG Settlement is terminated in accordance with the provisions of the PPG Settlement Agreement, the PPG Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the PPG Settlement Agreement, and such termination shall be without prejudice to the rights of the Plaintiffs, the Class, and PPG.

8.11    Neither this Order nor the Settlement Agreements shall constitute any evidence or admission of liability by AGC, Guardian, Pilkington, or PPG, nor shall any documents relating to the Settlements be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreements or the terms of this Order or if offered by Defendants in responding to any action purporting to assert Released Claims.

8.12    All proceedings in this litigation are hereby stayed pending further order of the Court, except for proceedings provided for or required by the Settlement Agreements, such as proceedings relating to the determination of whether the Settlement Agreements will be finally approved.

SO ORDERED.

Dated this 25th day of Jan., 2011.

                                                    Donetta W. Ambrose
                                                    United States District Court Judge