EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

# If You Directly Purchased Construction Flat Glass Between July 1, 2002 and December 31, 2006, You Could be Affected by Proposed Class Action Settlements.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

A lawsuit called *In re Flat Glass Antitrust Litigation (II)* is pending in the United States District Court for the Western District of Pennsylvania against the following manufacturers of Construction Flat Glass (as defined below in Section 6): Pilkington North America, Inc., Pilkington Holdings Inc., Guardian Industries Corp., AGC Flat Glass North America, Inc. and PPG Industries, Inc. (collectively, "Defendants"). As explained below, the lawsuit alleges that because the Defendants engaged in illegal anticompetitive conduct, any person or entity that purchased Construction Flat Glass directly from any Defendant between July 1, 2002 and December 31, 2006 paid a higher price than otherwise would have been the case in a competitive market. Defendants deny these allegations.

**This Notice has been issued to inform you:**
(1) that Proposed Settlements have been reached with the Defendants that will resolve the entire lawsuit;
(2) that a Plan of Allocation has been proposed regarding how to distribute the proceeds from all four Proposed Settlements;
(3) that Class Counsel (as defined below in Section 15) will petition the Court for an award of attorneys' fees and litigation expenses;
(4) that Class Counsel will petition the court for incentive awards for the Class Representatives (as defined below in Section 4); and
(5) how to obtain proceeds from the Proposed Settlements by filing the attached Claim Form.

There are four Proposed Settlements totaling $22.325 million in a class action lawsuit about the purchase of Construction Flat Glass. Under the **Pilkington Settlement**, Pilkington North America, Inc. (formerly known as Libbey Owens Ford), and Pilkington Holdings Inc. have agreed to pay $4.2 million. Under the **Guardian Settlement**, Guardian Industries Corp. has agreed to pay $6.325 million. Under the **AGC Settlement**, AGC Flat Glass North America, Inc. (also known as AGC, AFG or Asahi Glass) has agreed to pay $5.9 million. Under the **PPG Settlement**, PPG Industries, Inc. has agreed to pay $5.9 million. Pilkington, Guardian, AGC and PPG have asserted a number of defenses to Plaintiffs' claims but have settled to avoid the cost and risk of further litigation and trial. The details of the Proposed Settlements are available at www.flatglasslitigation.com or by contacting the Claims Administrator, as described below in Section 24.

**TO DETERMINE WHETHER YOU ARE AFFECTED BY ANY OF THE PROPOSED SETTLEMENTS REACHED IN THIS CASE, PLEASE READ THIS NOTICE CAREFULLY.** Your rights and options – and **deadlines for exercising them** – are explained in this Notice.

Please go to www.flatglasslitigation.com or contact the Claims Administrator, as described in Section 24 below, for court documents about the Proposed Settlements, answers to frequently asked questions, and more information.

1

Case 2:08-mc-00180-DWA   Document 268-2   Filed 01/06/11   Page 3 of 9

**DO NOT CONTACT THE COURT OR DEFENDANTS
IF YOU HAVE QUESTIONS REGARDING THIS NOTICE.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT:

| YOU MAY: | | DUE DATE: |
|---|---|---|
| **STAY IN THE CLASS AND FILE A CLAIM FORM** | The only way to receive payment from these Proposed Settlements. | Postmarked by [date] |
| **OBJECT TO THE SETTLEMENTS** | Write to the Court about why you don't like the Proposed Settlements. | Postmarked by [date] |
| **GO TO A HEARING** | Write to the Court to ask to speak at the hearing about the fairness of the Proposed Settlements. | Postmarked by [date] |
| **DO NOTHING** | You will be considered part of the settlement class and will be bound by the terms of the settlements. If you do not submit a claim form, you will not receive payment from the Proposed Settlements. | Not applicable |
| **EXCLUDE YOURSELF FROM ONE OR MORE OF THE PROPOSED SETTLEMENT CLASSES** | You will receive no payment from the settlement(s) from which you have excluded yourself. This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. | Postmarked by [date] |

Your legal rights are affected whether you act or don't act. Read this Notice carefully.

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or your company may have purchased Construction Flat Glass directly from one of the Defendants for delivery or pick-up in the United States from July 1, 2002 to December 31, 2006. This package explains the lawsuit, the Proposed Settlements, and your legal rights.

### 2. What is this lawsuit about?

The lawsuit claims that the Defendants conspired to illegally fix, raise, maintain, or stabilize prices of Construction Flat Glass by, among other things, coordinating surcharges (such as energy and diesel surcharges) and prices. The lawsuit claims that the Defendants engaged in this activity from July 1, 2002 through December 31, 2006 and that during this time period, any person or entity that purchased Construction Flat Glass directly from any Defendant paid a higher price than they otherwise would have paid in a competitive market. The lawsuit seeks to recover three times the actual damages that Plaintiffs allege the Defendants' conduct caused, as well as injunctive relief, attorneys' fees and costs. Defendants deny these allegations, maintain that they acted lawfully at all times, deny any person or entity paid an uncompetitive price for Construction Flat Glass, and maintain that no damages or other relief should be awarded.

The case is pending in the United States District Court for the Western District of Pennsylvania and is known as *In re Flat Glass Antitrust Litigation (II)*, Master File 08-180 (DWA).

### 3. Who are the Defendants?

The Defendants are:

Pilkington North America, Inc. (formerly known as Libbey Owens Ford) and Pilkington Holdings Inc.
Guardian Industries Corp.
AGC Flat Glass North America, Inc. (also known as AGC, AFG or Asahi Glass)
PPG Industries, Inc.

To be a member of the settlement class you must have purchased Construction Flat Glass <u>directly</u> from one of these companies for delivery or pick-up in the United States from July 1, 2002 through December 31, 2006.

2

### 4. Why is this a class action?

In a class action, one or more people or entities called Class Representatives (in this case Gilkey Window Company, Inc., Girard Glass Corporation, Jackson Glass Company, Inc., and Thermo-Twin Industries, Inc.) sue on behalf of people or entities who have allegedly similar claims. All of these people and entities are settlement class members and make up the Proposed Settlement classes. One court resolves the issues for all class members, except for those who exclude themselves from the class. U.S. District Judge Donetta W. Ambrose is in charge of this class action.

### 5. Why are there Proposed Settlements?

The Defendants have not admitted any wrongdoing in this case, and the Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides agreed to the Proposed Settlements. That way, they avoid the cost and risk of further litigation and a trial, and the proposed class members affected will be able to file a claim against the settlement fund. The Class Representatives and Class Counsel think the Proposed Settlements are best for all proposed class members.

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To see if you are affected by these Proposed Settlements, you first have to determine if you are a settlement class member.

### 6. How do I know if I am part of the Proposed Settlements?

Because there are four Proposed Settlements, there are four Proposed Settlement classes: the Pilkington Settlement Class, the Guardian Settlement Class, the AGC Settlement Class, and the PPG Settlement Class. Any person or business that fits the following description is affected by all of the Proposed Settlements and therefore a member of all of the Settlement Classes. Each of the four Proposed Settlement classes is defined as:

*All persons and entities that, from July 1, 2002 to December 31, 2006, purchased Construction Flat Glass directly from Defendants for delivery or pick-up in the United States. Excluded from the Class are Defendants, any parent, subsidiary, or affiliate of Defendants, and all governmental entities.*

Construction Flat Glass is defined as flat glass formed through the "float" process for use in the construction or architectural sector, which includes but is not limited to coated float glass, clear and tinted float glass, low emissivity glass (*i.e.*, glass coated with thin metal or metallic oxide layers to improve its insulating qualities), laminated glass, and unprocessed mirror glass.

For purposes of determining whether you are affected by the Proposed Settlements and therefore a member of the Settlement Classes, it does not matter from which Defendant you purchased Construction Flat Glass, so long as you purchased it directly from at least one Defendant during the applicable time period.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASSES OR ARE ENTITLED TO RECEIVE PROCEEDS FROM ANY OF THE PROPOSED SETTLEMENTS.**

### 7. I'm still not sure if I'm included.

If you are still not sure whether you are a class member, you can ask for free help. See Section 24 below.

## WHAT THE PROPOSED SETTLEMENTS MEAN TO YOU

### 8. What do the Proposed Settlements provide?

Under the **Pilkington Settlement**, Pilkington North America, Inc., and Pilkington Holdings Inc. have agreed to pay $4.2 million. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **Guardian Settlement**, Guardian Industries Corp. has agreed to pay $6.325 million. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **AGC Settlement**, AGC Flat Glass North America, Inc. has agreed to pay $5.9 million. That amount will not be reduced in the event that class members exclude themselves from the class.

Under the **PPG Settlement**, PPG Industries, Inc. has agreed to pay $5.9 million. That amount will not be reduced in the event that class members exclude themselves from the class.

3

In exchange for these settlement amounts, Settlement Class members give up all legal rights to sue the Defendants for the released claims, which include any and all claims, demands, actions, suits, and causes of action for any kind of relief whatsoever and liabilities of any nature whatsoever that the Settlement Class members ever had, now have, or hereafter can, shall, or may have against the Defendants, whether known or unknown, relating in any way to any conduct prior to the date of the Proposed Settlements arising under or relating to any federal, state, or common law, or the law of any nation or domestic or foreign governmental entity which relate to or arise out of any alleged unlawful conspiracy to fix, raise, maintain or stabilize prices or surcharges for Construction Flat Glass, or any other allegedly collusive, conspiratorial or aiding and abetting practice between or among manufacturers with respect to the sale of Construction Flat Glass, including but not limited to, any conduct that relates in any way to the facts, occurrences, transactions, other matters alleged in the Class Action, or that could have been asserted in the Class Action under federal or state statutory, regulatory or common law antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, fraudulent misrepresentation, trade practice or civil conspiracy laws. Further, Settlement Class members waive Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The settlement agreements, which are available at www.flatglasslitigation.com, precisely describe the legal claims that you give up if you stay in the classes.

Any attorneys' fees, reimbursement of litigation expenses, and class representatives' incentive awards will be awarded only as approved by the Court in amounts determined to be fair and reasonable. If you wish to object to the petition for attorneys' fees, reimbursement of litigation expenses, or Class Representatives' incentive awards, you may do so, but only in accordance with the procedures set forth below.

## DISTRIBUTION OF THE SETTLEMENT PROCEEDS

### 9. How will the funds from the settlements be distributed?

Settlement funds will be distributed only after the court grants final approval to the Proposed Settlements. The funds from the Proposed Settlements have been and will continue to be held in interest-bearing accounts. According to the proposed Plan of Allocation, members of the Settlement Classes will be eligible to receive proceeds from the Proposed Settlements, less any amounts approved by the Court for payment of attorneys' fees, reimbursement of litigation expenses, and incentive awards to Class Representatives.

For each Settlement Class, the available settlement funds will be distributed on a *pro rata* basis to the members of that class that file a Claim Form ("Claimant"). Within each Settlement Class, a Claimant's *pro rata* share of the settlement will be determined by dividing (a) the dollar value of the Claimant's direct purchases of Construction Flat Glass directly from one of the Defendants for delivery or pick-up in the United States by (b) the total dollar value of all Claims made by members of that class. If you are a member of more than one class, you are eligible to receive settlement proceeds based on your membership in each Settlement Class.

Once the Court grants final approval of the Proposed Settlements, the distribution will take place as soon as practicable after review, determination, and audit of the Claim Forms by the Claims Administrator and approval by the Court of the Claims Administrator's recommendations as to the specific amounts to be paid to the Claimants.

### 10. How do I receive payment from one or more of the proposed settlements?

To obtain funds from any of the Proposed Settlements, you need to complete and submit the Claim Form included with this Notice, which is also available online at www.flatglasslitigation.com. Even though there are four settlements, you only need to submit one Claim Form. The Claim Form must be postmarked or submitted by _____ to be considered for distribution. Any member of the Settlement Classes that does not complete and timely return the Claim Form will not be entitled to share in any settlement proceeds.

**WARNING: There are companies that may contact you upon learning of a pending class action distribution and offer to help you file your Claim Form in exchange for a share of the money that you may ultimately recover or for other compensation. Please be advised that you do not need to use these companies. Assistance is available from the Claims Administrator at no cost to you.**

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENTS

If you don't want a payment from the Proposed Settlements, but you want to keep the right to sue or continue to sue the Defendants, on your own, about the legal issues in this case, then you must take steps to remove yourself from the class. This is called excluding yourself or "opting out" of the class.

### 11. How do I get out of the Proposed Settlements?

To exclude yourself from one or more of the Proposed Settlements, you must send a letter saying that you want to be excluded from the class. The letter must include the following information:

- A statement that you want to be excluded from the class.
- Which of the following Proposed Settlements you want to be excluded from: the **Pilkington Settlement**, the **Guardian Settlement**, the **AGC Settlement**, and/or the **PPG Settlement**. **Your request for exclusion may not be effective unless you specify from which Proposed Settlement(s) you are seeking exclusion.**
- The case name: *In re Flat Glass Antitrust Litigation (II)*.
- Your name, address, telephone number, and your signature.
- All trade names or business names and addresses you or your business have used, as well as the names of any subsidiaries or affiliates of your business that also are requesting to be excluded from the class.

Your letter must be postmarked by [ ], 2011 and sent to:

In Re: Flat Glass Antitrust Litigation (II)
Claims Administrator
PO Box 3266
Portland, OR 97208-3266

If you ask to be excluded from any of the Proposed Settlements, you will not get any payment from the settlements from which you exclude yourself, and you cannot object to those particular settlements. You may be able to sue (or continue to sue) the Defendants from whose settlement you asked to be excluded in the future.

### 12. Can I remain as part of the class for one of the Proposed Settlements and exclude myself from others?

Yes. Because there are four separate Proposed Settlements (the **Pilkington Settlement**, the **Guardian Settlement**, the **AGC Settlement** and the **PPG Settlement**), you will need to decide, for each of the Proposed Settlements, whether to exclude yourself from the class, or whether to remain in the class for any or all of them.

### 13. If I do not exclude myself, can I sue the Defendants later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims that the Proposed Settlements resolve. If you have a pending lawsuit against the Defendants involving the issues in this case, speak to your own lawyer in that case immediately. It may be necessary for you to exclude yourself from these classes in order to continue your own lawsuit.

### 14. If I exclude myself, can I get money from the Proposed Settlements?

No. If you decide to exclude yourself, you will not be eligible to request money from the Proposed Settlements. If you exclude yourself from some, but not all, of the Proposed Settlements, you will be eligible to request payment from the Proposed Settlements for which you remain in the class.

## THE LAWYERS REPRESENTING YOU AS A CLASS MEMBER

### 15. Do I have a lawyer in this case?

The Court has appointed Michael D. Hausfeld of Hausfeld LLP; Steven A. Kanner of Freed Kanner London & Millen LLC; W. Joseph Bruckner of Lockridge Grindal Nauen PLLP; Jay L. Himes of Labaton Sucharow LLP; and John C. Evans of Specter Specter Evans & Manogue, PC to represent the class. These lawyers are called Class Counsel. Class Counsel's fees and costs will be paid from the settlement funds according to the procedure outlined below and in the settlement agreements. If you want to be represented by your own lawyer, you may hire one at your own expense.

5

## 16. How will the lawyers be paid?

To date, Class Counsel have not been paid any attorneys' fees. In compensation for their time and risk in prosecuting the litigation on a wholly contingent fee basis, Class Counsel will petition the Court for an award from the settlement funds of attorneys' fees and for reimbursement of litigation expenses incurred, including costs expended in providing Notice to the Class and in administering the settlement funds. This motion will be filed with the Court at least 45 days prior to the Fairness Hearing described below. Once filed, a copy of the motion will be available at www.flatglasslitigation.com. Class Counsel will request an award of attorneys' fees that will not exceed one-third (33.3%) of the total amount of the settlements. Class Counsel will also petition the Court to provide incentive awards to class representatives in the amount of $10,000.00 each. You may object to these fee and expense requests pursuant to Section 17 below.

Any fees and expenses approved by the Court will be paid out of the settlement funds.

## OBJECTING TO THE PROPOSED SETTLEMENTS, ATTORNEYS' FEES OR EXPENSE REQUESTS

## 17. How do I tell the Court that I don't like the Proposed Settlements, attorneys' fees or expense requests?

If you are a class member, you can object to the Proposed Settlements if you do not like any part of them. You may also object to Class Counsel's request for attorneys' fees, reimbursement of litigation expenses or the request for incentive awards for Class Representatives. You can give reasons why you think the Court should not approve one or all of the Proposed Settlements or the fees, expenses or incentive awards requests. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement saying what you object to: one or more of the Proposed Settlements, the request for attorneys' fees, the request for reimbursement of litigation expenses and/or the request for incentive awards for Class Representatives. If you object to fewer than all of the Proposed Settlements, you must specify to which one(s) you object.
- Your name, address, telephone number, and your signature.
- The reasons you object to the Proposed Settlement(s).
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

You must file the objection with the Court at the following address, **postmarked by [ ], 2011**.

> Clerk of Court
> United States District Court
> For the Western District of Pennsylvania
> 700 Grant Street
> Pittsburgh, PA 15219

You must also mail copies of the objection to all of the following attorneys, **postmarked by [ ], 2011**:

| HAUSFELD LLP | FREED KANNER LONDON MILLEN LLC | LOCKRIDGE GRINDAL NAUEN PLLP |
|---|---|---|
| Michael D. Hausfeld, Esq. | Steven A. Kanner | W. Joseph Bruckner |
| 1700 K Street, N.W. | 2201 Waukegan Road | 100 Washington Avenue South |
| Suite 650 | Suite 130 | Suite 2200 |
| Washington, DC 20006 | Bannockburn, IL 60015 | Minneapolis, MN 55401 |
| LABATON SUCHAROW LLP | SPECTER SPECTER EVANS & MANOGUE, PC | |
| Jay L. Himes | John C. Evans | |
| 140 Broadway | 436 Seventh Avenue | |
| New York, NY 10005 | 26th Floor | |
| | Pittsburgh, PA 15219 | |

*Settlement Class Counsel*

PEPPER HAMILTON LLP
Barbara T. Sicalides
Eighteenth & Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799

*Counsel for Pilkington North America, Inc.
& Pilkington Holdings Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Mark Leddy
2000 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for AGC Flat Glass North America, Inc.*

KIRKLAND & ELLIS LLP
Corey C. Watson
333 S. Hope Street
Los Angeles, CA 90071

*Counsel for Guardian Industries Corp.*

WINSTON & STRAWN LLP
Lawrence R. Desideri
35 West Wacker Drive, 41st Floor
Chicago, IL 60601

*Counsel for PPG Industries, Inc.*

### 18. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Proposed Settlements. You can object to one or more of the Proposed Settlements only if you stay in the class for those particular Proposed Settlements. If you exclude yourself, you have no basis to object because the Proposed Settlements no longer affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlements and the request for attorneys' fees and litigation expenses. You may attend, but you are not required to do so. If you attend, you may ask to speak, but you don't have to participate.

### 19. When and where will the Court decide whether to approve the Proposed Settlements?

The Court will hold a Fairness Hearing at [time] on [date], in Courtroom [number] at the United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219. At this hearing the Court will consider whether the Proposed Settlements are fair, reasonable, and adequate and whether to approve the request for attorneys' fees, incentive awards, and litigation expenses. If there are objections, the Court will consider them. Judge Ambrose will listen to people who have asked to speak at the hearing (see Question 20). After the hearing, the Court will decide whether to approve the Proposed Settlements.

The Court may change the time and date of the Fairness Hearing. Notice of any change will be posted at the courthouse or on the Court's website.

### 20. Do I have to come to the hearing?

No. Class Counsel will any answer questions Judge Ambrose may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re Flat Glass Antitrust Litigation (II)*."
- The position you will take on the Proposed Settlements and your reasons.
- Your name, address, telephone number, and your signature.
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must be filed with the Court at the following address, **postmarked by [date]**:

Clerk of Court
United States District Court
For the Western District of Pennsylvania
700 Grant Street
Pittsburgh, PA 15219

7

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 17 above.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing, you will remain in the class for each of the Proposed Settlements, but you will not receive any proceeds from the settlements. In order to obtain a share of the settlement proceeds, you must submit a Claim Form. The Claim Form must be postmarked or submitted online by _____ to be considered for distribution.

## GETTING MORE INFORMATION

### 23. Are there more details about the Proposed Settlements?

This Notice summarizes the Proposed Settlements. More details are in the settlement agreements. You can get a copy of the settlement agreements by visiting www.flatglasslitigation.com.

### 24. How do I get more information?

If you have questions or want more information, you can visit the official settlement website at www.flatglasslitigation.com. If the answer to your question cannot be located on the website, you may contact the Claims Administrator by email at questions@flatglasslitigation.com. You may also call the Claims Administrator toll-free at 1(877) 273-9532 in the U.S., U.S. territories, and Canada. Outside the U.S. and Canada, you may call [number], but toll charges will apply. You may also write to:

In Re: Flat Glass Antitrust Litigation (II)
Claims Administrator
PO Box 3266
Portland, OR 97208-3266

You may also write to any of Class Counsel at the following addresses:

| HAUSFELD LLP | FREED KANNER LONDON MILLEN LLC | LOCKRIDGE GRINDAL NAUEN PLLP |
|---|---|---|
| Michael D. Hausfeld, Esq. | Steven A. Kanner | W. Joseph Bruckner |
| 1700 K Street, N.W. | 2201 Waukegan Road | 100 Washington Avenue South |
| Suite 650 | Suite 130 | Suite 2200 |
| Washington, DC 20006 | Bannockburn, IL 60015 | Minneapolis, MN 55401 |
| LABATON SUCHAROW LLP | SPECTER SPECTER EVANS & MANOGUE, PC | |
| Jay L. Himes | John C. Evans | |
| 140 Broadway | 436 Seventh Avenue | |
| New York, NY 10005 | 26th Floor | |
| | Pittsburgh, PA 15219 | |

### 25. Can I update my address?

Yes. If your address changes, please enter your current information online at www.flatglasslitigation.com, or send it to the Claims Administrator at:

In Re: Flat Glass Antitrust Litigation (II)
Claims Administrator
PO Box 3266
Portland, OR 97208-3266

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA